IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                        ) | CASE NO. CR419-112 |
| ) | |
| ZACHARY BEAU LUSK,                    ) | |
| ) | |
| Defendant.                                      ) | |
| _____ ) | |

## O R D E R

Before the Court is Defendant Zachary Lusk's Motion to Modify or Correct Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (Doc. 30), which the Government opposes (Doc. 31). In his motion, Defendant seeks credit for time served in state custody on separate state charges from October 2018 to July 2019 to be applied toward his federal sentence. (Doc. 30 at 2-4.) After careful consideration, Defendant's motion is **DISMISSED**.

### BACKGROUND

On November 19, 2019, the Court sentenced Defendant to 40 months' imprisonment. (Doc. 29 at 2.) At the time the Court imposed this sentence, Defendant was serving two concurrent state sentences for unrelated state charges. (Id.) As such, the Court ordered that Defendant's federal sentence shall be served concurrently with both state sentences. (Id.) The Court also recommended to the Bureau of Prisons ("BOP") that Defendant be given credit toward his federal sentence for all time served in

custody since October 10, 2018 that is not credited toward another sentence. (Id.)

**ANALYSIS**

Defendant now argues that the time he served from October 2018 to July 2019 has not been credited to his state sentences or his federal sentence. (Doc. 30 at 2-3.) Defendant requests that the Court modify his sentence under 18 U.S.C. § 3582(c)(1) and argues that he has exhausted his administrative remedies with the BOP. (Doc. 30 at 3.) The Court finds that Defendant's motion is misplaced.

Under § 3582(c),

> a court may not modify an imprisonment sentence except in these three circumstances: (1) where . . . either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements . . .; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification . . .; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met . . . .

United States v. Phillips, 597 F.3d 1190, 1195 (11th Cir. 2010) (citing 18 U.S.C. § 3582(c)). As highlighted by the Government, Defendant's motion does not fall under any of the categories of authorized § 3582(c) motions. (Doc. 31 at 4.) Defendant is not seeking compassionate release or arguing that the United States Sentencing Commission has subsequently lowered his sentencing range. Moreover, Defendant's motion does not implicate Federal

2

Rule of Criminal Procedure 35 because it was not filed within 14 days after sentencing and because the Government has not filed a motion indicating that Defendant provided substantial assistance in investigating or prosecuting another person. See Fed. R. Crim. P. 35.[1]

If Defendant has fully exhausted his administrative remedies with the BOP, Defendant may mount a judicial challenge to the BOP's calculation of his sentence by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, Defendant's Motion to Modify or Correct Sentence Pursuant to 18 U.S.C. § 3582(c)(1) (Doc. 30) is **DISMISSED**.

SO ORDERED this 3RD day of December 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Defendant's reply brief, Defendant argues that the Court has jurisdiction to correct a sentence that it originally imposed and, therefore, the Court should correct his sentence. (Doc. 32 at 3-4.) This argument is unsupported and, as stated above, the Court does not have jurisdiction to modify Defendant's sentence except in the limited circumstances outlined in § 3582(c)(1).